Christopher Darrow (SBN 70701)
Darrow@DarrowLegal.com
748 23rd Street, Suite 1
Santa Monica, CA 90402
Attorneys for Delquin Plastics USA, Inc., et al.

Mark H. Plager (SBN 192259)
mark@plagerschack.com
Michael L. Schack (SBN 128784)
michaels@plagerschack.com
Megan Coane (SBN 280911)
mcoane@plagerschack.com
16152 Beach Boulevard, Suite 207
Huntington Beach, CA 92647
Attorneys for Oscar Larach and EcoRain America LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA--WESTERN DIVISION

| | |
|---|---|
| DELQUIN PLASTICS USA, INC., et al, <br><br> Plaintiff/Counterdefendants, <br><br> v. <br><br> OSCAR LARACH, et al. <br><br> Defendants/Counterclaimants. | CASE NO. 2:16-cv-05518 TJH(AGRx) <br><br> PROTECTIVE ~~STIPULATION FOR~~ ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS <br><br> NOTE CHANGES MADE BY COURT |
| OSCAR LARACH, et al, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> DELQUIN PLASTICS USA, INC., et al, <br><br> Defendants/Counterclaimants | Related Case No. 2:16-cv-05762 TJH(AGRx) |

**STIPULATION FOR AN ORDER GOVERNING THE**

**DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

Delquin Plastics USA, Inc., EcoRain Systems, Inc., EcoRain Tank Systems of America, Inc., Manuel Arriagada, and Margarita Arriagada ("Delquin Parties"), and Oscar Larach and EcoRain America, LLC ("Larach Parties") , (collectively

-1-

PLAGER SCHACK LLP
16152 Beach Boulevard, Suite 207
Huntington Beach, CA 92647

"the Parties") hereby enter into this stipulation for an order governing the designation and handling of confidential materials ("Confidentiality Order").

## 1. Purposes, Limitations, and Statement of Good Cause

1. The Parties represent that pretrial discovery in this case will necessarily focus on matters that are confidential and proprietary to the ongoing business of the parties or of third parties, and may require the production of material describing the parties' respective lists of actual and potential customers, employment agreements, schematic diagrams, confidential research, customer invoices, third-party agreements, pricing and sales information, market surveys, confidential costs and manufacturing information, business plans and non-public financial information and projections.

2. Such information falls within recognized categories of information which may be protected from public disclosure through confidentiality designations under a Confidentiality Order in keeping with this Stipulation and which may include non-public, proprietary, or confidential information that constitutes or concerns trade secrets as defined by Cal. Civ. Code Secs.3426 et seq. See Cal. Civ. Code § 3426.5 ("a court shall preserve the secrecy of an alleged trade secret by reasonable means").

3. The Parties further represent that unrestricted disclosure of such material poses a substantial risk of great economic harm in that discovery of a party's trade secrets or other proprietary and confidential commercial information would put the party at a competitive disadvantage and would be a windfall to the discovering (competing) party.

4. More specifically, good cause exists for this Court to enter the Confidentiality Order because it allows the parties to disclose documents in the litigation of this matter without suffering from an economic and business detriment that would result from the disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material. The disclosure of any "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" material would harm the parties financially and result in loss of business opportunities because the parties' competitors would gain an unfair advantage over the parties if they learn the parties' "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material. The Parties themselves are competitors. This material should be protected because it may reveal the parties' current financial status, business strategies, business structure, research and development activities, customer lists and customer information and future opportunities and business plans.

5. Moreover, entry of the Confidentiality Order will permit the parties to be more forthcoming in the exchange of confidential information, which may facilitate resolution of this case.

6. For the foregoing reasons, good cause exists for entry of a stipulation for an order governing the designation and handling of confidential materials to facilitate pretrial disclosure while assuring the safety of these sensitive disclosures.

7. The Parties acknowledge that the Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10 (Filing Protected Material) below, that the Confidentiality Order creates no entitlement to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures to be followed and the standards to be applied when a party seeks permission from the Court to file material under seal.

**2. Definitions**

2.1 <u>Party</u>. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>. All items or information,

regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under by Federal Rule of Civil Procedure 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items. Extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party. A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party. A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 Protected Material. Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel. Attorneys who are employees of a Party, and who represent that Party in an in-house counsel capacity.

2.11 Counsel (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or

a current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **<u>Scope</u>**

The protections conferred by the Confidentiality Order shall cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations of Protected Material, plus testimony, conversations, or presentations by parties or counsel in settings that might reveal Protected Material. ~~Any such information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations of Protected Material, plus testimony, conversations, or presentations by parties or counsel presented at court hearings or proceedings can be addressed by the judicial officer conducting the proceeding at the appropriate time.~~ The protections conferred by the Confidentiality Order shall cover all Protected Material disclosed or produced in this case, whether disclosed or produced before or after the issuance of the Confidentiality Order by the Court.

4. **<u>Duration</u>**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and any Order in keeping with this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **<u>Designating Protected Material</u>**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under the Confidentiality Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Confidentiality Order.

Indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Stipulation (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation must be clearly so designated before or at the time that the material is disclosed or produced.

Designation in conformity with this Stipulation requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top of each page that contains protected material. The abbreviated designation "Attorneys' Eyes Only" is also permitted as a substitute for "Highly Confidential-Attorneys' Eyes Only". If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

A Party that makes documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under the Confidentiality Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b) <u>for information produced by non-parties</u>. Should the parties in this case issue any subpoenas to non-parties, the parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate materials responsive to such a subpoena, and further, the parties may notify any other non-party served with a subpoena in this case of a stipulation for an order governing the designation and handling of confidential materials.

Additionally, in the event a Party seeks information via subpoena from a non-party, and another Party to this action (the "Non-Discovering Party") believes that such subpoena may compel disclosure of documents and things of or

-7-
STIPULATION FOR ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

concerning that Non-Discovering Party that ought to be designated as Protected Material, the Non-Discovering Party promptly shall notify in writing the Party serving such subpoena. In a circumstance where such written notice is received, the Party serving the subpoena shall advise the Non-Discovering Party in writing upon its receipt of documents or things from the subpoenaed third party, and make such documents or things available for inspection by the Non-Discovering Party. The Non-Discovering Party shall then have ten (10) days to inspect and designate such documents for protection in accordance with the Confidentiality Order. Pending such designation, or the expiration of the ten (10) day period allowed herein for such designation (whichever first occurs), the Party receiving documents and things shall treat all of them as "Highly Confidential – Attorneys' Eyes Only." The provisions of Section 5.2(a) shall otherwise apply to documents produced by non-parties.

    (c)    <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty days after the transcript of the deposition becomes available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the thirty days shall be covered by the provisions of the Confidentiality Order. Any such testimony that qualifies as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" given in a court hearing or proceeding shall be addressed by the judicial officer conducting the proceeding at the appropriate time.

(d) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under the Confidentiality Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. Challenging Confidentiality Designations

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must

comply with the meet and confer requirements and procedures set forth in Civil Local Rule 37-1 and 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party in a manner consistent with Federal Rule of Civil Procedure 26(c). Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

7. **Access to and Use of Protected Material**

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 (Final Disposition), below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under the Confidentiality Order;

(g) the author of the document or the original source of the information.

7.3 **Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in the Confidentiality Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom

disclosure is reasonably necessary for this litigation and, with respect to professional vendors, who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A); and

   (f) the author of the document or the original source of the information.

8. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of the Confidentiality Order. In addition, the Receiving Party must deliver a copy of the Confidentiality Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of the Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions is intended or should be construed as authorizing a Receiving Party to disobey a lawful subpoena issued in another action.

///

### 9. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it disclosed Protected Material to any person or in any circumstance not authorized under the Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Confidentiality Order, and (d) request such person or persons to execute the "Agreement to be Bound by Confidentiality Order" that is attached hereto as Exhibit A.

### 10. Filing Protected Material

In accordance with Local Rule 79-5.2.2(a), if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### 11. Final Disposition

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or provide a written certification within the sixty day period that the all of the Protected Material has been destroyed. Each Receiving Party, however, is entitled to maintain one archival copy of the Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the Confidentiality Order as set forth in Section 4 (Duration), above. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form

of reproducing or capturing any of the Protected Material.

**12. Miscellaneous**

    12.1  Right to Further Relief. Nothing in the Confidentiality Order abridges the right of any person to seek its modification by the Court in the future.

    12.2  Right to Assert Other Objections. By stipulating to the entry of this Order governing the designation and handling of confidential materials, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation for an Order governing the designation and handling of confidential materials. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED.**

DATED this 26th day of January 2017.

DARROW LAW OFFICE

/s/Christopher Darrow/
Christopher Darrow, Esq.
748 23rd Street, Suite 1
Santa Monica, CA 90402
*Attorneys for Delquin Parties*

PLAGER SCHACK, LLP

/s/Mark Plager
Mark Plager, Esq.
16152 Beach Blvd, Suite 207
Huntington Beach, CA 92647
*Attorneys for Larach Parties*

IT IS SO ORDERED.
DATED: 1/31/2017
Alicia G. Rosenberg
UNITED STATES MAGIST[RATE]

STIPULATION FOR ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS